J-A22012-19

2019 PA Super 299

| JASON MATTHEWS | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CYNTHIA BATRONEY | : | No. 483 EDA 2019 |

Appeal from the Judgment Entered November 12, 2018
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s):  July Term 2017 No. 1835

BEFORE:   MURRAY, J., STRASSBURGER, J.\*, and PELLEGRINI, J.\*

OPINION BY MURRAY, J.:                    **FILED OCTOBER 04, 2019**

Jason Matthews (Appellant) appeals from the judgment entered in favor

of Cynthia Batroney (Appellee) following a jury trial.  Upon review, we affirm.

The trial court summarized the evidence presented at trial as follows:

> The matter was tried before a jury on the issue of liability
> only.  It involved a September 18, 2015, intersection collision at
> 19th and Cherry Streets in Philadelphia between a bicycle ridden
> by [Appellant] and a car driven by [Appellee].  [Appellant] was
> traveling [southbound] on 19th Street which is one-way.
> [Appellee] was driving eastbound on Cherry Street, also one-way.
> [Appellee] testified that she stopped at the stop sign, or a little
> after it and looked both ways, including up 19th Street, but did not
> see [Appellant] before proceeding into the intersection.
> [Appellant] admitted that he did not stop at the stop sign while
> traveling south on 19th, but said that he had "made eye contact"
> with [Appellee] before entering the intersection; [Appellee] denied
> any eye contact.  [Appellant] testified that [Appellee] did not stop
> at her stop sign.  [Eyewitness], Albert Eschert, was a pedestrian
> at the intersection at the time of the incident.  He testified that
> [Appellee's] car stopped before moving into the intersection.  He
> testified further that [Appellant] did not stop at the stop sign.  The

\* Retired Senior Judge assigned to the Superior Court.

physical evidence is that the contact occurred between the mid-section of the bike and the front corner of the car on the passenger side.

Trial Court Opinion, 3/6/19, at 2 (footnote and citations to notes of testimony omitted).

After deliberations, the jury rendered a verdict finding Appellee 30% negligent, and Appellant 70% negligent. *Id.* at 4. Because the jury found that Appellant was 70% negligent, the trial court entered judgment in Appellee's favor. *Id.*; *see also* 42 Pa.C.S.A. § 7102 ("In all actions brought to recover damages for negligence resulting in death or injury to person or property, the fact that the plaintiff may have been guilty of contributory negligence shall not bar recovery by the plaintiff . . . where such negligence was not greater than the causal negligence of the defendant[.]").

Appellant filed a timely post-trial motion on September 14, 2018, requesting that the trial court grant his motion for a new trial based upon the trial court's refusal to charge the jury on Section 3321 of the Motor Vehicle Code. Appellant's Post-Trial Motion, 9/14/18, at 4-5. After conducting a argument, the trial court denied Appellant's motion and entered judgment in favor of Appellee on November 8, 2018.[1] Appellant filed a timely notice of appeal. Both the trial court and Appellant have complied with Pennsylvania Rule of Appellate Procedure 1925.

---

[1] While the trial court's order denying Appellant's post-trial motion and entering judgment in favor of Appellee is dated November 8, 2018, the order was docketed on November 12, 2018. *See* Trial Court Docket Entry, 11/12/18.

Appellant presents the following issues for review:

1. Did the trial court err as a matter of law in failing to give proper jury instructions, and denying [Appellant's] [m]otion for a new trial, where doing so was contrary to the law and [a]ffected the verdict?

2. Did the trial court abuse its discretion in failing to give proper jury instructions, and denying [Appellant's] [m]otion for a new trial, where doing so affected the verdict?

3. Did the trial court abuse its discretion in agreeing with counsel to charge the jury with a certain instruction and then not instructing the jury with charge?

Appellant's Brief at 4.

We address Appellant's issues together because they all allege error by the trial court in refusing to charge the jury on the section of the Motor Vehicle Code pertaining to rights-of-way for vehicles approaching or entering an intersection, 75 Pa.C.S.A. § 3321. *See* Appellant's Brief at 11-12.

We review challenges to jury instructions as follows:

In examining these instructions, our scope of review is to determine whether the trial court committed clear abuse of discretion or error of law controlling the outcome of the case. Error in a charge is sufficient ground for a new trial, if the charge as a whole is inadequate or not clear or has a tendency to mislead or confuse rather than clarify a material issue. A charge will be found adequate unless the issues are not made clear to the jury or the jury was palpably misled by what the trial judge said or unless there is an omission in the charge which amounts to fundamental error. A reviewing court will not grant a new trial on the ground of inadequacy of the charge unless there is a prejudicial omission of something basic or fundamental.

*Stange v. Janssen Pharmaceuticals, Inc.*, 179 A.3d 45, 59 (Pa. Super. 2018) (citations omitted).

Further,

Trial courts have broad discretion to grant or deny a new trial. The grant of a new trial is an effective instrumentality for seeking and achieving justice in those instances where the original trial, because of taint, unfairness or error, produces something other than a just and fair result, which, after all, is the primary goal of all legal proceedings.

There is a two-step process that a trial court must follow when responding to a request for new trial. First, the trial court must decide whether one or more mistakes occurred at trial. These mistakes might involve factual, legal, or discretionary matters. Second, if the trial court concludes that a mistake (or mistakes) occurred, it must determine whether the mistake was a sufficient basis for granting a new trial.

To review the two-step process of the trial court for granting or denying a new trial, the appellate court must also undertake a dual-pronged analysis[.] First, the appellate court must examine the decision of the trial court that a mistake occurred[.] If the mistake concerned an error of law, the court will scrutinize for legal error.

If the appellate court agrees with the determination of the trial court that a mistake occurred, it proceeds to the second level of analysis. The appellate court must then determine whether the trial court abused its discretion in ruling on the request for a new trial.

*Tincher v. Omega Flex, Inc.*, 180 A.3d 386, 396-97 (Pa. Super. 2018) (citation omitted).

The essence of Appellant's three issues is that the trial court abused its discretion and/or committed an error of law by failing to charge the jury on Section 3321 of the Motor Vehicle Code. *See* Appellant's Brief at 13-27. Appellant argues that the omission was so prejudicial to his case that it

affected the outcome of the jury trial, and therefore the court should have granted his motion for a new trial. *Id.* We disagree.

Section 3321 of the Motor Vehicle Code provides:

**(a) General rule.--**When two vehicles approach or enter an intersection from different highways at approximately the same time, the driver of the vehicle on the left shall yield the right-of-way to the vehicle on the right.

**(b) Exception.--**The right-of-way rule established in subsection (a) is not applicable:

(1) on through highways, where the traffic on the highway shall have the right-of-way;

(2) on limited-access highways, where the traffic on the limited-access highway shall have the right-of-way;

(3) in traffic circles, where the traffic in the circle shall have the right-of-way; and

(4) as otherwise provided in this part.

75 Pa.C.S.A. § 3321.

Prior to closing arguments, the trial court stated that as requested by Appellant's counsel, it would charge the jury with Section 3321. N.T., 9/6/18, at 147. Appellee's counsel, who had not previously seen the Section 3321 instruction, was granted the opportunity to review the statute overnight. *Id.* at 148. The trial court noted that further discussion would take place the next morning at the charging conference. *Id.* Both sides then proceeded to present closing arguments, during which Appellant's counsel chose to explain Section 3321 to the jury. *Id.* at 153.

The next day, prior to charging the jury, the trial court informed the parties that it would not be reading Section 3321 to the jury, "because it doesn't apply in this case where there's a two-way stop and someone has not stopped." N.T., 9/7/18, at 4. Over the objection of Appellant's counsel, the trial court charged the jury only on Sections 3501 (applicability of traffic law to pedalcycles) and 3323 (stop signs and yield signs) of the Motor Vehicle Code. *Id.* at 14-15. Upon review, we agree that the trial court did not err by failing to charge the jury as to Section 3321.

With regard to the operation of a bicycle on a roadway, the Motor Vehicle Code states:

> **(a) General rule.--**Every person riding a pedalcycle upon a roadway shall be granted all of the rights and **shall be subject to all of the duties applicable to the driver of a vehicle by this title**, except as to special provisions in this subchapter and except as to those provisions of this title which by their nature can have no application.
>
> **(b) Application of subchapter.--**The provisions of this subchapter apply whenever a pedalcycle is operated upon any highway or upon any path set aside for the exclusive use of pedalcycles subject to the exceptions stated in subsection (a).

75 Pa.C.S.A. § 3501 (emphasis added).

Subsection (b) of Section 3323 of the Motor Vehicle Code outlines the duties of vehicle operators at stop signs:

> Except when directed to proceed by a police officer or appropriately attired persons authorized to direct, control or regulate traffic, **every driver of a vehicle approaching a stop sign shall stop at a clearly marked stop line or, if no stop line is present, before entering a crosswalk on the near side of the intersection or, if no crosswalk is present, then at**

**the point nearest the intersecting roadway where the driver has a clear view of approaching traffic on the intersecting roadway before entering.** If, after stopping at a crosswalk or clearly marked stop line, a driver does not have a clear view of approaching traffic, the driver shall after yielding the right-of-way to any pedestrian in the crosswalk slowly pull forward from the stopped position to a point where the driver has a clear view of approaching traffic. The driver shall yield the right-of-way to any vehicle in the intersection or approaching on another roadway so closely as to constitute a hazard during the time when the driver is moving across or within the intersection or junction of roadways and enter the intersection when it is safe to do so.

75 Pa.C.S.A. § 3323(b) (emphasis added).

At trial, Appellant testified that on September 18, 2015, he was riding his bicycle on his way to work when he and the vehicle driven by Appellee collided at the intersection of 19th and Cherry Streets in Philadelphia. N.T., 9/6/18, at 94-96. Appellant testified that he failed to bring his bicycle to a stop at the intersection's stop sign. *Id.* at 97, 103, 118. Also, a disinterested eyewitness to the collision, Mr. Albert Eschert, corroborated Appellant's testimony that he failed to stop. *Id.* at 130, 136.

Because Appellant does not dispute that he failed to stop prior to entering the intersection of 19th and Cherry Streets, the trial court did not err by not charging the jury as to Section 3321. *Compare McClintock v. Works*, 716 A.2d 1262, 1264-65 (Pa. Super. 1998) (citations omitted) ("When the facts are disputed, the trial court's charge should address any theory or defense that has support in the evidence."). Although this Court has not previously held in a published opinion that a violation of Section 3323(b) forfeits the right-of-way created by Section 3321, we have held that other

- 7 -

violations of the Motor Vehicle Code have done so. ***See Schreckengost v. Kraft***, 204 A.2d 646 (Pa. Super. 1964) (forfeiture of statutory right-of-way by speeding); and ***Williams v. Philadelphia Toilet & Laundry Co.***, 29 A.2d 336 (Pa. Super. 1942) (forfeiture of statutory right-of-way by travelling on wrong side of roadway).

Appellant argues that his case was "hindered" and his counsel's credibility diminished because his counsel addressed Section 3321 in his closing argument to the jury. ***See*** Appellant's Brief at 18; ***see also*** N.T., 9/6/18, at 153. We are not persuaded by this argument.

At the charging conference prior to the trial court charging the jury, Appellant's counsel admitted that during his closing argument he presented Section 3321 to the jury, "at my own risk." N.T., 9/7/18, at 4. Moreover, Appellant's counsel was present when the trial court indicated that it would not decide whether to charge the jury regarding Section 3321 until the next morning. N.T., 9/6/18, at 147-48. Appellant's counsel could have asked the trial court for a recess to resolve the matter prior to his closing argument. However, Appellant's counsel did not do so. ***See id.*** at 148. We therefore agree with Appellant's counsel that he presented Section 3321 to the jury at his "own risk."

Accordingly, we hold that Appellant's admitted violation of Section 3323(b) forfeited his right-of-way proscribed by Section 3321. We therefore agree with the trial court's determination that Section 3321 was inapplicable

due to Appellant's admitted violation of Section 3323(b) immediately preceding his collision with Appellee, and thus the trial court did not abuse its discretion or commit an error of law in refusing to charge the jury on Section 3321.

Judgment affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/4/19