J-A06021-25          2025 PA Super 90

MICHAEL JANIK : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
Appellant :
:
:
:
v. :
:
:
:
ZOOLOGICAL SOCIETY OF : No. 1590 EDA 2024
PHILADELPHIA D/B/A PHILADELPHIA :
ZOO :

Appeal from the Order Entered May 28, 2024
In the Court of Common Pleas of Philadelphia County
Civil Division at No(s): 211102276

BEFORE: PANELLA, P.J.E., LANE, J., and STEVENS, P.J.E.*

OPINION BY PANELLA, P.J.E.: **FILED APRIL 22, 2025**

Michael Janik appeals from the order entered May 28, 2024, granting the post-trial motion of Zoological Society of Philadelphia D/B/A Philadelphia Zoo ("Philadelphia Zoo" or "the Zoo"). The trial court based its decision on two errors made during trial. The first concerned the trial court's decision to exclude the Zoo's evidence of architectural plans. Janik argues the trial court should not have granted a new trial because it correctly excluded admission of the architectural plans. The second involved the trial court's refusal to charge on the Zoo's request for the open and obvious doctrine. Janik argues that the open and obvious doctrine does not apply to the facts of this case. After careful review, we affirm.

_____

* Former Justice specially assigned to the Superior Court.

The trial court set forth the relevant factual and procedural history:

On April 17, 202[1], [Janik] was walking in the Philadelphia Zoo's Big Cat Falls exhibit when his left foot struck the bottom of a decorative boulder, which caused him to fall and sustain injuries. The primary injury was a fracture in his right arm that required surgery. [Janik] filed a complaint on November 30, 2021, alleging that [Philadelphia Zoo] was negligent in placing the decorative boulder adjacent to the walkway because it created a dangerous or defective condition.

On April 3, 2023, [Philadelphia Zoo] submitted a motion for summary judgment suggesting that the boulder was an open and obvious condition, which meant that [Philadelphia Zoo] owed no duty, and the negligence claim could thus be resolved as a matter of law. The motion was denied on June 5, 2023. The matter proceeded to a jury trial, held from August 8-11, 2023. At trial, [Philadelphia Zoo] submitted a motion for compulsory nonsuit in its favor, arguing both insufficiency of [Janik's] evidence and the boulder being an open and obvious condition. The motion was denied, and the jury determined that [Philadelphia Zoo] was negligent. The jury awarded [Janik] $255,000 in non-economic damages and [$10,000] in economic damages.

On August 18, 2023, [Philadelphia Zoo] filed a post-trial motion for relief requesting a judgment notwithstanding the verdict or a new trial. In that motion, [Philadelphia Zoo] argued that the court erred in denying the motion for summary judgment, denying the motion for compulsory nonsuit, excluding certain evidence at trial, and excluding mention of the open and notorious doctrine from the jury instruction and verdict slip. After briefing and oral argument, the court decided to grant [Philadelphia Zoo's] motion and order a new trial on May 28, 2024. [Janik] timely filed the instant appeal on June 5, 2024.

Trial Court Opinion, 10/4/24, at 2 (unnecessary capitalization omitted).

Janik complied with the trial court's order to file a Rule 1925(b) statement and now raises the following four questions for our review:

1. Whether the [trial] court abused its discretion by granting [Philadelphia Zoo's] post-trial motion and ordering a new trial by

concluding that properly excluded architectural plans should have been admitted?

2. Whether the [trial] court abused its discretion by granting [Philadelphia Zoo's] post-trial motion and ordering a new trial by concluding the jury should have been instructed on the open and obvious doctrine when there was no evidence that [Janik] knew of a dangerous condition and the [trial c]ourt properly instructed the jury on comparative negligence?

3. Whether the [trial] court abused its discretion by granting [Philadelphia Zoo's] post-trial motion and ordering a new trial by concluding that the verdict slip should have included a question on whether the boulder was open and obvious when the evidence and testimony at trial demonstrated the doctrine did not apply?

4. Whether the [trial] court abused its discretion by granting [Philadelphia Zoo's] post-trial motion and ordering a new trial?

Appellant's Brief, at 5 (unnecessary capitalization omitted).[1]

As all of Janik's issues revolve around the trial court granting a new trial, we begin with the scope and standard of review.

Trial courts have broad discretion to grant or deny a new trial. The grant of a new trial is an effective instrumentality for seeking and achieving justice in those instances where the original trial, because of taint, unfairness or error, produces something other than a just and fair result, which, after all, is the primary goal of all legal proceedings.

There is a two-step process that a trial court must follow when responding to a request for new trial. First, the trial court must decide whether one or more mistakes occurred at trial. These mistakes might involve factual, legal, or discretionary matters. Second, if the trial court concludes that a mistake (or mistakes) occurred, it must determine whether the mistake was a sufficient basis for granting a new trial.

_____

[1] Although Janik purports to raise four issues in his questions presented, he has not presented any separate argument for his fourth issue as it is subsumed in his first three issues. *See* Appellant's Brief, at 5, 12.

To review the two-step process of the trial court for granting or denying a new trial, the appellate court must also undertake a dual-pronged analysis. First, the appellate court must examine the decision of the trial court that a mistake occurred. If the mistake concerned an error of law, the court will scrutinize for legal error.

If the appellate court agrees with the determination of the trial court that a mistake occurred, it proceeds to the second level of analysis. The appellate court must then determine whether the trial court abused its discretion in ruling on the request for a new trial.

*Matthews v. Batroney*, 220 A.3d 601, 604 (Pa. Super. 2019) (brackets and citation omitted).

The trial court here indicated it granted a new trial due to its error in not admitting the architectural plans and in failing to instruct the jury as to the open and obvious doctrine. *See* Trial Court Opinion, 10/4/24, at 4-6. The trial court found these two mistakes, in combination with "several additional issues," were sufficient to grant a new trial. *Id.* at 6-7. We agree with the trial court that it was error to not admit the architectural plans and to not instruct the jury on the open and obvious doctrine.

First, the admission of evidence is left to the sound discretion of the trial court. *See E.W. v. E.N.*, 327 A.3d 679, 691 (Pa. Super. 2024). As the trial court judiciously acknowledged, it erred in excluding the architectural plans as the plans include the area Janik allegedly fell, and the plans include "a depiction of the decorative boulder" Janik allegedly fell over. Trial Court Opinion, 10/4/24, at 4.

The trial court found the plans relevant but excluded the plans during trial "based on [Janik's] argument that because [Philadelphia Zoo's] witness had not reviewed and included the drawings before the discovery deposition, [Janik] was unable to cross-examine the witness about the drawings prior to trial." *Id.* at 5. However, the trial court recognized it erred as the witness's answers showed she had reviewed the plans and the plans were highly relevant as "demonstrative of [the Zoo's] argument that the decorative boulder was not a dangerous or defective condition because [the plans] showed [the boulder's] inclusion in a plan approved by architects, engineers, and the City Licensing and Inspections Department." *Id.* The trial court further found any prejudice to Janik was outweighed by the probative value and the jury should have been permitted to decide the weight of the plans. *See id.*

Janik argues the trial court's initial decision to exclude the plans was correct because Philadelphia Zoo was presenting the plans through a lay witness and her testimony would have gone to the ultimate issue of whether the boulder was a dangerous condition. *See* Appellant's Brief, at 12, 15-16.

Philadelphia Zoo responds that the plans were relevant, and it was prejudicial to the Zoo to exclude them. *See* Appellee's Brief, at 22-23. Further, the Zoo points out that Janik opened the door to the architectural plans through their cross-examination. *See id.* at 19-20, 23. Finally, the Zoo argues the testimony did not require any specialized knowledge or expertise. *See id.* at 23.

"Evidence is relevant if … it has any tendency to make a fact more or less probable than it would be without the evidence; and [] the fact is of consequence in determining the action." Pa.R.E. 401. Relevant evidence is traditionally admissible, unless a rule applies to bar admission. *See* Pa.R.E. 402. As Janik argues, one such rule is a limit on what opinions lay witnesses may make when testifying. *See* Appellant's Brief, at 12, 15-16; Pa.R.E. 701.

However, that rule is inapplicable here. There is nothing in the record to suggest that the witness was going to give her opinion on the architectural plans. In fact, prior to the attempted admission of the architectural plans, the same witness had testified to her opinion that the boulder was not a dangerous condition. *See* N.T. Trial, 8/9/23, at 50 ("No, this boulder is not a dangerous condition."). Janik did not object to this testimony. Furthermore, this witness established her knowledge of the architectural plans and how they are used by the Zoo, that the boulder was placed at the location noted in the architectural plans, and that the boulder has been in the same location since 2006. *See id.* at 43, 44, 45, 54. The architectural plans were relevant and probative and, as the trial court concedes, it was error to exclude the architectural plans. We agree with the trial court's candid analysis and affirm its grant of a new trial.

We will address Janik's next two issues together, as they address the jury instruction and verdict sheet. Janik argues the trial court ruled properly during trial, when it refused the requested instruction on the open and obvious

doctrine and when it refused to include the open and obvious doctrine on the verdict sheet because he testified he was unaware of the boulder before he fell. *See* Appellant's Brief, at 18, 21, 30.

The trial court noted both parties addressed the open and obvious doctrine at trial, Janik arguing against it and Philadelphia Zoo arguing for it, and decided post-trial that because there was conflicting evidence as to whether the boulder was open and obvious, the issue should have been decided by the jury. *See* Trial Court Opinion, 10/4/23, at 6. The trial court further explained its decision not to read the open and obvious instruction and to leave out the interrogatory on the verdict slip likely caused confusion in the minds of the jurors. *See id.*

Philadelphia Zoo argues the boulder is open and obvious because it is large, 3 feet by 2 feet, and not on the pedestrian walkway. *See* Appellee's Brief, at 26. Further, the trial court allowed the Zoo to argue the open and obvious doctrine to the jury but did not instruct on the open and obvious doctrine and instead instructed the jury only to apply the law on the general principles that it had provided in the charge. *See id.* at 35-42; N.T. Trial, 8/10/23, at 104 ("You will apply only the law in which I instruct you.").

Our Supreme Court has instructed:

> In examining jury instructions, our scope of review is limited to determining whether the trial court committed a clear abuse of discretion or error of law controlling the outcome of the case. Error in a charge is sufficient ground for a new trial if the charge as a whole is inadequate or not clear or has a tendency to

mislead or confuse rather than clarify a material issue. A charge will be found adequate unless the issues are not made clear to the jury or the jury was palpably mislead. In reviewing a trial court's charge to the jury we must look to the charge in its entirety. Because this is a question of law, this Court's review is plenary.

It is not the function of the trial court in charging a jury to advocate, but rather to explain the principles of law which are fairly raised under the facts of a particular case so as to enable the jury to comprehend the questions it must decide.

*Graham v. Check*, 243 A.3d 153, 161 (Pa. 2020) (footnotes, ellipsis, brackets, and quotation marks omitted).

The open and obvious doctrine is predicated upon section 343A of the Restatement (Second) of Torts. Section 343A provides, in relevant part:

(1) A possessor of land is not liable to his invitees for physical harm caused to them by any activity or condition on the land whose danger is known or obvious to them, unless the possessor should anticipate the harm despite such knowledge or obviousness.

Restatement (Second) of Torts § 343A(1).[2]

The comments define both "known" and "obvious."

b. The word "known" denotes not only knowledge of the existence of the condition or activity itself, but also appreciation of the danger it involves. Thus the condition or activity must not only be known to exist, but it must also be recognized that it is dangerous, and the probability and gravity of the threatened harm must be appreciated. "Obvious" means that both the condition and the risk are apparent to and would be recognized by a reasonable man, in

_____

[2] Both parties agree Janik was an invitee at the time of his injury as he was at Philadelphia Zoo to see the animals. *See Estate of Swift v. Northeastern Hosp. of Philadelphia*, 690 A.2d 719, 722 (Pa. Super. 1997) (providing an invitee is one who enters or remains on land for purposes connected with the business).

the position of the visitor, exercising ordinary perception, intelligence, and judgment.

\*\*\*

f. There are, however, cases in which the possessor of land can and should anticipate that the dangerous condition will cause physical harm to the invitee notwithstanding its known or obvious danger. In such cases the possessor is not relieved of the duty of reasonable care which he owes to the invitee for his protection. This duty may require him to warn the invitee, or to take other reasonable steps to protect him, against the known or obvious condition or activity, if the possessor has reason to expect that the invitee will nevertheless suffer physical harm.

Such reason to expert harm to the visitor from known or obvious dangers may arise, for example, where the possessor has reason to expect that the invitee's attention may be distracted, so that he will not discover what is obvious, or will forget what he has discovered, or fail to protect himself against it. Such reason may also arise where the possessor has reason to expect that the invitee will proceed to encounter the known or obvious danger because to a reasonable man in his position the advantages of doing so would outweigh the apparent risk. In such cases the fact that the danger is known, or is obvious, is important in determining whether the invitee is to be charged with contributory negligence, or assumption of risk. It is not, however, conclusive in determining the duty of the possessor, or whether he has acted reasonably under the circumstances.

*Id.* at cmts. b, f (citations omitted).

Janik argues he was unaware of the boulder, and it therefore cannot be open and obvious. *See* Appellant's Brief, at 21. We disagree. The standard is whether the dangerous object is known **or** obvious. *See id.* at § 343A(1). Furthermore, "the question of whether a danger was known or obvious is usually a question of fact for the jury[.]" *Carrender v. Fitterer*, 469 A.2d 120, 124 (Pa. 1983) (citation omitted).

The evidence at trial included pictures of this large, 3 feet by 2 feet boulder adjacent to the pedestrian walkway. Janik notes there are distractions in the area, including an animal walkway above the pedestrian walkway. These facts present a jury question of whether the boulder would have been recognized by a reasonable person as a potential danger while walking on the pathway. As the jury was not instructed as to the standards to apply, nor provided an interrogatory as to whether the boulder was open and obvious, the trial court correctly found a new trial was warranted.

We therefore affirm the trial court's order granting a new trial.

Order affirmed.

Judgment Entered.

_Benjamin D. Kohler_

Benjamin D. Kohler, Esq.
Prothonotary

Date: 4/22/2025