J-A20001-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| RICHARD COTTLE | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| VERNA WALLS AND SHAREA COTTLE | : | No. 3043 EDA 2024 |

Appeal from the Judgment Entered November 7, 2024
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s): 220201643

BEFORE: MURRAY, J., McLAUGHLIN, J., and FORD ELLIOTT, P.J.E.*

MEMORANDUM BY MURRAY, J.: **FILED SEPTEMBER 16, 2025**

Richard Cottle (Appellant) appeals from the judgment entered against

him, and in favor of Verna Walls (Walls), in this case involving a motor-vehicle

accident. After careful consideration, we affirm.

The trial court summarized the relevant history underlying this appeal

as follows:

> On September 29, 2020[, Appellant] was a passenger in a vehicle
> being driven by [Sharea] Cottle [(Cottle), his wife]. At the
> intersection of 38th Street and Haverford Avenue in Philadelphia
> [(Subject Intersection),] a collision occurred between [] Cottle's
> vehicle and a vehicle being driven by … Walls. As a result of the
> collision, [Appellant] suffered several injuries, including sprains to
> [his] back, neck, and shoulder, as well as post-traumatic
> headaches.
>
> [Appellant] brought claims against both [] Cottle and Walls for
> personal injury. [] Cottle also filed her own consolidated claim

_____

* Retired Senior Judge assigned to the Superior Court.

against Walls …. [On August 22, 2023, the trial court entered an order settling and discontinuing all claims between Cottle and Walls. Trial Court Order, 8/22/23.]

Prior to trial, [] Cottle filed a motion for summary judgment seeking to have all claims against her dismissed. In her motion, Cottle asserted that [Appellant] never provided any evidence that she was negligent or in any way at fault for the accident. She cited heavily to statements made by [Appellant] in his deposition[,] which attribute[d] fault solely to [] Walls and suggest[ed] that [] Cottle came to a complete stop at the [subject] intersection in question. Neither [Appellant] nor Walls filed an answer to [] Cottle's motion, and summary judgment was subsequently granted. [**See** Trial Court Order, 3/14/24, at 1 (granting summary judgment in Cottle's favor and dismissing all claims against Cottle).] … [T]he case proceeded to trial solely against Walls.

Trial Court Opinion, 2/5/25, at 1-2 (formatting modified).

At the conclusion of trial[,] the jury returned a verdict in favor of Walls, finding that she was not negligent. Following the trial, [Appellant] filed a post-trial motion seeking a new trial. The [trial court] denied the motion and this appeal followed.[1]

*Id.* at 2 (footnote added). Appellant and the trial court have complied with

Pa.R.A.P. 1925.

Appellant presents the following claims for our review:

[1.] Did the trial court err by denying [Appellant's] motion *in limine* and failing to find that [] Walls was negligent as a matter of law as a result of co-defendant Cottle's uncontested motion for summary judgment[,] which was granted before trial?

[2.] Did the trial court err in denying [Appellant's] request to admit [into evidence] defendant Cottle's motion for summary judgment, and [the trial court's order granting summary judgment]?

_____

[1] The trial court entered judgment on the jury's verdict on November 7, 2024.

[3.] Did the trial court err in refusing to comply with Pa.R.C.P. 1035.5?

[4.] Did the trial court err by refusing to read [Appellant's] proposed [Pennsylvania Suggested Standard Civil Jury Instruction (SSJI)] 7.70?

Appellant's Brief at 4 (capitalization and punctuation modified). Appellant's first three issues are related, so we address them together.

Appellant first argues that the trial court erred in denying Appellant's request to advise the jury regarding the uncontroverted material facts stated in Cottle's summary judgment motion. *Id.* at 24. Appellant claims that Walls's failure to respond to Cottle's motion required the uncontroverted allegations in that motion to be deemed admitted. *Id.* at 26. In particular, Appellant cites the following allegations in Cottle's motion for summary judgment:

15. [] Walls hit the passenger side of [] Cottle's vehicle and "kept stepping on the gas and dragged the car."

….

40. [Appellant] again explained that he first observed [] Walls while [] Cottle's vehicle was stopped at the Subject Intersection and [] Walls continued towards the stop sign, did not stop, "rolled straight on through," and "that's how she caught the right side of the car."

41. [] Cottle stopped prior to entering the intersection.

42. [] Walls approach[ed] the Subject Intersection and disregard[ed] the stop sign.

- 3 -

43. [] Walls fail[ed] to stop at her stop sign, hit [] Cottle's vehicle on the passenger side, and "kept, like, stepping on the gas of her car."

….

47. [] Cottle stopped at the Subject Intersection before proceeding. However, [] Walls disregarded the stop sign and caused the alleged accident.

Appellant's Brief at 25-26 (citations to reproduced record omitted) (quoting Motion for Summary Judgment, 2/5/24, ¶¶ 15, 40-43, 47). Appellant argues that, because Walls failed to file a response to Cottle's motion, these allegations are deemed admitted as a matter of law. *Id.* at 26.

In his second issue, Appellant argues that pursuant to Pa.R.C.P. 1035.5,

[w]here there is an order granting partial summary judgment (meaning that the entire case was not dismissed)[,] and trial must move forward on [the] remaining issues, the trial should only proceed on those issues that have not already been disposed of by the trial court via the aforementioned motion.

*Id.* at 27 (footnote omitted). Appellant claims that, because Walls failed to respond to paragraphs 15, 40 through 43, and 47, the allegations therein are "undisputed material facts" for purposes of trial. *Id.* at 28-29.

In his third issue, Appellant argues that the trial court erred by not considering the impact of Cottle's uncontradicted summary judgment motion in determining "the course of trial." *Id.* at 29. Appellant states that prior to trial, he orally "moved for the trial court to enter an order in accordance with Rule 1035.5." *Id.* According to Appellant, he

requested that the trial court find [Walls] negligent as a matter of law and also requested that the trial court read to the jury the

uncontroverted facts that were the basis of the uncontested motion for summary judgment.

*Id.* Had the trial court followed the proper procedure, Appellant argues, he could have sought a directed verdict. *Id.* at 30. Appellant claims the trial court further erred by refusing to admit Cottle's motion and the order granting summary judgment as evidence at trial. *Id.* at 30-31.

Appellant asserts that at trial, the trial court compounded "the problem … by issuing what it called a 'curative instruction' that caused additional confusion." *Id.* at 31. Appellant explains that the opening statement by Walls's counsel suggested that Cottle, who was no longer a party, caused the crash. *Id.* When Appellant objected, the trial court issued the following curative instruction:

> One brief instruction before we start the testimony. There was some reference made in the opening statements, and you'll hear it in the testimony, that there was another driver in this case. That other driver is not here as a party to this matter at trial. You are not to concern yourself with why that might be. So obviously[,] you can and you should evaluate what happened in this case, including any conduct by that driver, but you are not to concern yourself as to why that driver is not here as part of this litigation.

*Id.* at 32 (emphasis omitted; punctuation modified; citation to record omitted).

Appellant asserts that because Walls failed to respond to Cottle's summary judgment motion, and the trial court granted that motion, Cottle's negligence was no longer at issue. *Id.* Appellant argues that had he known the trial court was going to preclude mention of the summary judgment

motion and order, he would have taken steps to procure Cottle as a witness. *Id.* at 34.

Appellant points out that Cottle's motion requested that all claims against her be dismissed. *Id.* at 35. Appellant contends "all claims" included the cross-claim filed against Cottle by Walls. *Id.* Appellant asserts that, because Cottle's motion was filed against both Appellant and Walls, Walls's failure to respond precluded either remaining party from directing fault at Cottle. *Id.* at 36.

Our standard of review of the denial of a motion for a new trial "is whether the trial court clearly and palpably committed an error of law that controlled the outcome of the case or constituted an abuse of discretion." *Blumer v. Ford Motor Co.*, 20 A.3d 1222, 1226 (Pa. Super. 2011) (citation omitted).

Appellant's issues implicate the admissibility of evidence at trial. "[T]he admissibility of evidence is within the sound discretion of the trial court, which appellate courts will not disturb absent an abuse of discretion or error of law." *Bayview Loan Servicing LLC v. Wicker*, 206 A.3d 474, 482 (Pa. 2019).

As Appellant explains, his "first three issues on appeal all surround the trial court's failure to address, in any way, the motion for summary judgment that was previously decided by the trial court." Appellant's Brief at 29. This Court has observed that

> a motion for summary judgment generally does not preserve an
> issue for appellate review once a case proceeds to trial and a final

judgment is entered. Thereafter, the party must file a motion for [judgment notwithstanding the verdict,] and the disposition of that motion will provide the basis for appellate review. This Court has recognized that in cases where a summary judgment motion is based on the sufficiency of the evidence to prove the plaintiff's claims, once a case goes to trial and evidence is presented at trial, **the denial of summary judgment is moot and the sufficiency of the evidence must be analyzed based on the trial record**.

*Turnpaugh Chiropractic Health & Wellness Ctr., P.C. v. Erie Ins. Exch.*, 297 A.3d 404, 412 (Pa. Super. 2023) (citations omitted; emphasis added). In *Turnpaugh Chiropractic*, the trial court denied a motion for summary judgment challenging the sufficiency of the evidence.[2] *See id.* By contrast, the trial court in this case granted summary judgment, a crucial distinction. Appellant's claims implicate the effect of Walls's failure to respond to Cottle's motion, and the trial court's order granting summary judgment. It is under this rubric that we address Appellant's first three issues.

Pennsylvania Rule of Civil Procedure 1035.2 governs motions for summary judgment, and provides as follows:

> After the relevant pleadings are closed, but within such time as not to unreasonably delay trial, any party may move for summary judgment in whole or in part as a matter of law
>
> (1)   whenever there is no genuine issue of any material fact as to a necessary element of the cause of action or defense

---

[2] In *Turnpaugh Chiropractic*, this Court cited *Xtreme Caged Combat v. Zarro*, 247 A.3d 42, 50-51 (Pa. Super. 2021), and *Whitaker v. Frankford Hospital of City of Philadelphia*, 984 A.2d 512, 517 (Pa. Super. 2009), in support. These cases, too, involved the denial of a motion for summary judgment.

which could be established by additional discovery or expert report, or

(2) if, after the completion of discovery relevant to the motion, including the production of expert reports, an adverse party who will bear the burden of proof at trial has failed to produce evidence of facts essential to the cause of action or defense which in a jury trial would require the issues to be submitted to a jury.

Pa.R.C.P. 1035.2.

Pennsylvania Rule of Civil Procedure 1035.3 provides, in relevant part, that

the adverse party may not rest upon the mere allegations or denials of the pleadings but must file a response within thirty days after service of the motion identifying

(1) one or more issues of fact arising from evidence in the record controverting the evidence cited in support of the motion or from a challenge to the credibility of one or more witnesses testifying in support of the motion, or

(2) evidence in the record establishing the facts essential to the cause of action or defense which the motion cites as not having been produced.

Pa.R.C.P. 1035.3(a)(1)-(2). Thereafter, "the court may rule upon the motion for judgment or permit affidavits to be obtained, depositions to be taken or other discovery to be had or make such other order as is just." Pa.R.C.P. 1035.3(c).

Pa.R.C.P. 1035.3(d) permits the entry of summary judgment against an adverse party who fails to respond to a motion for summary judgment:

[U]nder Rule 1035.2 and its corollary, Rule 1035.3, the non-moving party bears a clear duty to respond to a motion for summary judgment. *See* Pa.R.C.P. 1035.3(a)(1), (2) (requiring

- 8 -

> non-moving party to file a response "within thirty days after service of the motion identifying … one or more issues of fact arising from evidence in the record controverting the evidence cited [by the movant] in support of the motion or … evidence in the record establishing the facts essential to the cause of action"). **If the non-moving party does not respond, the trial court may grant summary judgment on that basis**. *See* Pa.R.C.P. 1035.3(d).

*Harber Phila. Ctr. City Office v. LPCI*, 764 A.2d 1100, 1104 (Pa. Super. 2000) (emphasis added).

Appellant correctly states that Walls filed no response to Cottle's February 5, 2024, summary judgment motion. However, Appellant's claim that Cottle filed her summary judgment motion against Appellant and Walls, is not supported by the record. Our review discloses that on August 22, 2023, prior to Cottle filing her summary judgment motion, the trial court entered an order settling and discontinuing all claims between Cottle and Walls. Trial Court Order, 8/22/23. In fact, Cottle's summary judgment motion expressly averred that "**Walls does not have any claims against** [] **Cottle because** [**Walls**] **entered into a settlement agreement with** [**Cottle**]**.**" Motion for Summary Judgment, 2/5/24, ¶ 34 (emphasis added).

Thus, contrary to Appellant's assertions, Cottle sought summary judgment only against Appellant, and not against Walls. *See id.* Walls was not the "adverse party" to Cottle's summary judgment motion. *See* Pa.R.C.P. 1035.3(a) (providing that "the adverse party may not rest upon the mere allegations or denials of the pleadings"). As such, Walls's failure to respond to the motion does not implicate Pa.R.C.P. 1035.3(d).

Regarding the effect of the grant of summary judgment in Cottle's favor,

the trial court correctly observed the following:

> The key feature of a motion for summary judgment is that it asks the [c]ourt to determine whether the *moving party* is entitled to relief. Appellant has not provided, and the [c]ourt has not been able to find, any precedent stating that a motion for summary judgment by one defendant establishes a binding set of facts that are dispositive as to issues affecting another, nonmoving defendant.

Trial Court Opinion, 2/5/25, at 3 (emphasis in original).

> The only legal basis that Appellant has cited, either during trial or in [his] post-trial motion, to support [his] request to use [] Cottle's summary judgment motion as evidence against [Walls] is Pa.R.C.P. 1035.5, which reads:
>
> > If judgment is denied or is not rendered upon the whole case or for all the relief asked and a trial is necessary, the court when considering the motion may, if practicable, ascertain from the pleadings, the evidence and the parties which material facts relevant to the motion exist without controversy and which are actually controverted. It shall thereupon make an order specifying the facts that are without controversy, including the extent to which the amount of damages or other relief is not in controversy and directing such further proceedings in the action as are just. Upon the trial of the action the facts so specified shall be deemed established and the trial shall be conducted accordingly.
>
> Pa.R.C.P. 1035.5. As evidenced by the phrase "may, if practicable …[,]" this rule is discretionary. The [c]ourt cannot be said to have "refused" to comply with a rule that it was never required to follow.
>
> Furthermore, the rule is applicable to the judge who decides the motion for summary judgment ("the court when considering the motion…"), not the judge who later presides over the trial. There is no evidence that Appellant made a request to the motions judge to apply Pa.R.C.P. 1035.5 by having that judge specify which facts were without controversy, which would have then been deemed

established at trial. … Instead, Appellant made an oral motion to [the trial court] to exercise authority under a discretionary rule, which the [c]ourt declined to do. … [T]he [c]ourt chose to keep irrelevant evidence out of the purview of the jury, which it was well within its right to do.

Trial Court Opinion, 2/5/25, at 4-5 (paragraph formatting of indented quotation modified). We agree with and adopt the trial court's reasoning and conclusion. **See id.**; **see also** Pa.R.E. 402 ("Evidence that is not relevant is not admissible.").

In summary, Walls's failure to respond to Cottle's summary judgment motion *against Appellant* did not constitute an admission of any material facts pertaining to Walls. We discern no error or abuse of discretion by the trial court in (a) refusing to deem the factual allegations in Cottle's motion admitted for trial purposes, and (b) precluding the admission of irrelevant evidence related to Cottle's motion and resulting order. **See Bayview Loan Servicing**, 206 A.3d at 482; **see also** Pa.R.E. 402. Appellant's first three issues, predicated on the effect and admissibility of Walls's failure to respond to Cottle's motion, merit no relief.

In his fourth and final issue, Appellant argues that the trial court erred by failing to read SSJI 7.70 (pertaining to preexisting conditions) to the jury. Appellant's Brief at 39. Appellant claims trial testimony from his expert, Richard DuShuttle, M.D. (Dr. DuShuttle), *i.e.*, that Appellant suffered from "degenerative" changes to his spine, constituted evidence that the vehicle wreck aggravated his pre-existing condition. **Id.** at 41. Appellant argues that

SSJI 7.70 "instructs the jury what they can consider for damages as it relates to pre-existing conditions, as well as what it cannot consider for pre-existing conditions." *Id.* According to Appellant,

> when degenerative changes of the spine are in evidence in a neck or low back personal injury claim, this charge [] instructs the jury that a "defendant can be held responsible **only** for the harm or the aggravation of a pre-existing condition that you find was factually caused by the defendant's negligence." [SSJI 7.70.] Therefore, this neutral charge is relevant any time there is evidence of a pre-existing condition such as degenerative changes in the spine. This charge informs a jury that a plaintiff can recover for any aggravation to a pre-existing condition.

*Id.* at 40-41 (emphasis in original).

To support his claim that SSJI 7.70 was appropriate, Appellant directs our attention to the cross-examination of Dr. DuShuttle, who testified that Appellant's CT scan showed degenerative changes to Appellant's neck and cervical spine. *Id.* at 41. Appellant quotes Dr. DuShuttle's deposition testimony agreeing that osteoarthritis is the same as degenerative changes to the spine/neck. *Id.*

> We review challenges to jury instructions as follows:
>
> In examining [jury] instructions, our scope of review is to determine whether the trial court committed clear abuse of discretion or error of law controlling the outcome of the case. Error in a charge is sufficient ground for a new trial, if the charge as a whole is inadequate or not clear or has a tendency to mislead or confuse rather than clarify a material issue. A charge will be found adequate unless the issues are not made clear to the jury or the jury was palpably misled by what the trial judge said or unless there is an omission in the charge which amounts to fundamental error. A reviewing court will not grant a new trial on the ground of inadequacy of the charge unless there is a prejudicial omission of something basic or fundamental.

- 12 -

*Matthews v. Batroney*, 220 A.3d 601, 604 (Pa. Super. 2019) (quoting

*Stange v. Janssen Pharm., Inc.*, 179 A.3d 45, 59 (Pa. Super. 2018)

(citations omitted)). "A court is bound to charge the jury only on the law

applicable to the factual parameters of a particular case[,] and [] it may not

instruct the jury on inapplicable legal issues." *MacNutt v. Temple Univ.*

*Hosp., Inc.*, 932 A.2d 980, 981 (Pa. Super. 2007) (*en banc*) (citation and

internal quotation marks omitted).

With this in mind, we review Appellant's requested jury instruction, SSJI

7.70, which provides, in pertinent part, as follows:

> A plaintiff who has a preexisting [physical] condition can recover damages if the defendant's negligence:
>
> * * *
>
> (1) made worse a preexisting condition. In this regard, [name of defendant] can be held responsible only for the harm or the aggravation of a preexisting ... condition that you find was factually caused by [name of defendant]'s negligence[; and]
>
> (2) factually caused harm worse than expected because of the plaintiff's preexisting condition.

SSJI 7.70. The Subcommittee Note explains,

> [i]t is firmly established in Pennsylvania that the tortfeasor takes the plaintiff as the tortfeasor finds them. A wrongdoer is liable for all harm caused by their negligent act, though increased by an unknown physical condition that could not have been discovered or anticipated prior to the wrongdoing.

*Id.*, subcomm. note.

- 13 -

Our review of the record discloses that, when Appellant's counsel requested SSJI 7.70, the trial court made the following inquiry:

> THE COURT:  [] Is there evidence by which … the jury could find that a pre-existing condition was made worse because of this accident?  And … that would need to be expert testimony.

N.T., 10/15/24, at 13.  The trial court directed Appellant's counsel to

> be prepared to point out where there's expert opinion that [Appellant's] pre-existing condition was aggravated by the accident.  If it was, you get the instruction.  If there's nothing like that, you don't.

*Id.* at 15.

At that time, Walls's counsel disagreed with the proposed instruction, directing the trial court to testimony from Dr. DuShuttle that Appellant's CT scan showed only degenerative changes to Appellant's neck/spine.  *Id.* Walls's counsel asserted that

> there's no argument or expert testimony that [the condition] was affected by this accident.  It's just showing there's nothing acute. What it does show is degenerative.

*Id.* at 16.

The trial court again directed Appellant's counsel to support his requested instruction with citation to testimony or trial evidence:

> [The court is] not giving [the instruction] unless you can find somewhere in the doctor's report that a pre-existing condition was made worse by the accident.  So at this point we're not giving it.

*Id.* Thereafter, Appellant offered no citation to law or evidence supporting the instruction.[3] *See id.*

Because Appellant provided no evidentiary basis to support SSJI 7.70, we discern no error or abuse of the trial court's discretion in denying that instruction. *See Lageman*, 266 A.3d at 589 n.78; *MacNutt*, 932 A.2d at 981. Consequently, Appellant's final issue merits no relief.

Judgment affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 9/16/2025

---

[3] Our review of the record discloses no trial testimony or evidence that Appellant's degenerative condition was aggravated by the accident.

- 15 -