J-E01004-25                    2026 PA Super 43

| | | |
|---|---|---|
| DANA BURNLEY AND RALPH BURNLEY, H/W | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| LOEWS HOTEL, PHILADELPHIA HOTEL OPERATING COMPANY, INC., TWELFTH STREET HOTEL ASSOCIATES, AUDIO VISUAL SERVICES GROUP, INC. D/B/A PSAV PRESENTATION SERVICES, LAWALL COMMUNICATIONS, CHECKERS INDUSTRIAL PRODUCTS, CHECKERS SAFETY GROUP, CHECKERS INDUSTRIAL SAFETY PRODUCT, FIREFLY CABLE PROTECTORS, LINEBACKER  CABLE MANAGEMENT AND ASCENDANT VENTURES, INC. | : | No. 370 EDA 2023 |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| INDUSTRY ADVANCED TECHNOLOGIES, INC., ASCENDANT VENTURES, INC., FALLINE CORPORATION, FOH PRODUCTIONS, EVAN ANDREWS, EVAN ANDREWS DESIGN AND ALLEN PRICE, PRICE PRODUCTIONS, LLC AND CHRISTOPHER HASSFURTHER | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| APPEAL OF: CHECKERS INDUSTRIAL PRODUCTS, LLC | : | |

Appeal from the Judgment Entered January 10, 2023
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s):  160901257

J-E01004-25

| | | |
|---|---|---|
| DANA BURNLEY AND RALPH BURNLEY, H/W | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| Appellants | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | No. 485 EDA 2023 |
| LOEWS HOTEL, PHILADELPHIA HOTEL OPERATING COMPANY, INC., TWELFTH STREET HOTEL ASSOCIATES, AUDIO VISUAL SERVICES GROUP, INC. D/B/A PSAV PRESENTATION SERVICES, LAWALL COMMUNICATIONS, CHECKERS INDUSTRIAL PRODUCTS, CHECKERS SAFETY GROUP, CHECKERS INDUSTRIAL SAFETY PRODUCT, FIREFLY CABLE PROTECTORS, LINEBACKER  CABLE MANAGEMENT AND ASCENDANT VENTURES, INC. | : | |
| v. | : | |
| | : | |
| INDUSTRY ADVANCED TECHNOLOGIES, INC., ASCENDANT VENTURES, INC., FALLINE CORPORATION, FOH PRODUCTIONS, EVAN ANDREWS, EVAN ANDREWS DESIGN AND ALLEN PRICE, PRICE PRODUCTIONS, LLC AND CHRISTOPHER HASSFURTHER | : | |

Appeal from the Judgment Entered January 10, 2023
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s):  160901257

BEFORE:  LAZARUS, P.J., BOWES, J., PANELLA, P.J.E., DUBOW, J.,
McLAUGHLIN, J., KING, J., SULLIVAN, J., BECK, J., and LANE, J.

CONCURRING OPINION BY BECK, J.:                          **FILED MARCH 5, 2026**

- 2 -

I agree with the learned Lead Opinion that the trial court's decision in this matter should be affirmed. I write separately to address two points of departure. First, the Lead Opinion correctly finds meritless Checkers' claim that the product line exception to the general rule of no successor liability is inapplicable in Pennsylvania because our Supreme Court has not expressly adopted it. *See* Lead Op. at 16-17. A three-judge panel of this Court adopted the exception nearly half a century ago, rendering it binding precedent on the court below. *See Dawejko v. Jorgensen Steel Co.*, 434 A.2d 106 (Pa. Super. 1981). Although the Lead Opinion further recognizes that this Court en banc is not bound by a prior decision of a three-judge panel, it goes on to "hold that *Dawejko* continues to provide the controlling parameters of the product line exception as adopted in this Commonwealth," finding "no reason to overrule *Dawejko* or displace the product line exception as part of the established jurisprudence in this Commonwealth." Lead Op. at 15-16.

At oral argument before the Court en banc, however, Checkers expressly disclaimed that it was arguing the product line exception does not apply in Pennsylvania. Furthermore, my review of the parties' briefs reveals that there is no advocacy either for or against our acceptance of the product line exception or the test espoused in *Dawejko*.[1] As such, I respectfully

_____

[1] The parties were provided the opportunity to file supplemental or substituted briefs following this Court's en banc certification. *See* Order, 11/15/2024. For reasons unknown, both sides simply resubmitted the briefs they initially filed before the three-judge panel originally assigned to hear the matter. In
*(Footnote Continued Next Page)*

- 3 -

disagree with the Lead Opinion that we should make any statement concerning our acceptance of **Dawejko**.  The continued vitality of **Dawejko**—including the parameters and propriety of the product line exception in Pennsylvania— are not before this Court for decision.[2]  Instead, in my view, this Court should proceed as we would with any unraised or unpreserved issue and simply review the applicability of the product line exception to the facts of the case, as advocated by the parties.

My second point of departure is based upon the Lead Opinion's treatment of Checkers' contention that the judge, not the jury, should have been tasked with deciding the question of successor liability.  In raising this claim of trial court error, Checkers asserts that the trial court should have granted its post-trial motion for judgment notwithstanding the verdict ("JNOV") on this basis.  Checkers' Brief at 27-28.  The Lead Opinion decides this issue on its merits, finding that Checkers is not entitled to relief.  Lead Op. at 24-26.

The grant of JNOV, however, is appropriate only in two circumstances: "one, the movant is entitled to judgment as a matter of law, and/or two, the

_____

their brief before this Court, the Burnleys' sole argument in support of our acceptance of the product line exception is that a "three-judge panel of this Court is powerless to overrule an earlier three-judge panel's precedential holding on an issue of law, such as whether the product line exception to successor liability should be recognized under Pennsylvania law."  The Burnleys' Brief at 28 (citations omitted).

[2]  Our sister courts in other jurisdictions have taken a number of different approaches to the product line exception to successor liability.  **See generally** 18 A.L.R.6th 629 (originally published in 2006).

evidence was such that no two reasonable minds could disagree that the outcome should have been rendered in favor of the movant." **Rohm & Haas Co. v. Cont'l Cas. Co.**, 781 A.2d 1172, 1176 (Pa. 2001). Checkers' claim here implicates neither scenario, as it argues simply that "the complex weighing of equitable factors involved in determining whether the exception applies should be decided by a [j]udge rather than a jury." Checkers' Brief at 28.[3] This is not a question of evidentiary or legal insufficiency, but of the correct procedure trial courts must follow in deciding the applicability of the product line exception to successor liability. Thus, if Checkers was entitled to relief here, the appropriate remedy would be a new trial, not JNOV. **See Matthews v. Batroney**, 220 A.3d 601, 604 (Pa. Super. 2019) (recognizing that the grant of a new trial is warranted where a mistake occurred at trial— be it factual, legal, or discretionary—and the mistake prejudiced the affected party). As Checkers failed to raise a request for a new trial in either its post-trial motion[4] or brief before this Court, I would find its argument waived. **See**

---

[3] Although Checkers includes a statement at the conclusion of its argument in this regard that "the exception does not apply" and thus its request for JNOV should have been granted, it makes no substantive argument in support as it relates to this issue. Instead, the issue raised and argued was that our Supreme Court previously considered the possibility that the product line exception may constitute an "equitable remedy" that should be decided by a judge, not a jury, and the trial court erred by submitting the question to the jury on that basis. **See** Checkers' Brief at 27 (quoting **Schmidt v. Boardman Co.**, 11 A.3d 924, 946 n.24 (Pa. 2011)); **see also** Pa.R.Civ.P. 1038.

[4] In its post-trial motion, Checkers asserted that it was entitled to JNOV because "the trial court erred in failing to rule upon the legal issue as to the
*(Footnote Continued Next Page)*

*Lanning v. West*, 803 A.2d 753, 766-67 (Pa. Super. 2002) (where appellant raised a claim that can only be remedied by the grant of a new trial, but appellant sought JNOV for the claimed error before the trial court and on appeal, the claim is waived); *see also Bank of Am., N.A. v. Scott*, 271 A.3d 897, 910 n.7 (Pa. Super. 2022) (finding appellant's failure to request a new trial in its post-trial motion waived the claim on appeal).

I therefore respectfully concur in the result reached by the Lead Opinion.

Dubow, J., and King, J., join this Concurring Opinion.

---

application of the product line exception and, instead, allow[ed] the jury to decide the issue."  Checkers' Post-Trial Motion, 9/12/2022, ¶ 15 (unnecessary capitalization omitted).